1
2
3
4
5        UNITED STATES DISTRICT COURT
6        EASTERN DISTRICT OF WASHINGTON

7    TOMEKA DAWN LASURE,

                                          NO. 2:22-CV-0190-TOR
8                        Plaintiff,
                                          ORDER GRANTING DEFENDANT'S
9        v.                               MOTION TO DISMISS

10   DENIS RICHARD MCDONOUGH,
     Secretary, United States Department
11   of Veterans Affairs,

12                       Defendant.

13       BEFORE THE COURT is Defendant's Motion to Dismiss Complaint.  ECF

14   No. 4.  This matter was submitted for consideration without oral argument.  The

15   Court has reviewed the record and files herein, and is fully informed.  For the

16   reasons discussed below, Defendant's Motion to Dismiss Complaint (ECF No. 4)

17   is **granted**.

18                           **BACKGROUND**

19       This case concerns discrimination allegations arising out of Plaintiff's

20   employment with the Department of Veterans Affairs ("VA") in Walla Walla,

ORDER GRANTING DEFENDANT'S MOTION TO DISMISS ~ 1

Washington.  ECF No. 1.  Plaintiff, proceeding *pro se*, alleges Defendant violated

The Rehabilitation Act of 1973 and Title VII of the Civil Rights Act of 1964, 42

U.S.C. § 12117.  ECF Nos. 1, 8.  Plaintiff also asserts claims for slander and libel.

ECF No. 1.  October 27, 2022, Defendant filed the present Motion to Dismiss.

ECF No. 4.  The parties timely filed their respective response and reply.  ECF Nos.

8, 9.  The following facts are drawn from Plaintiff's Complaint, which are accepted

as true for the purposes of the present motion.  *Chavez v. United States*, 683 F.3d

1102, 1108 (9th Cir. 2012).

Plaintiff is a former VA employee and union president.  ECF No. 1.  On

April 2, 2014, Defendant provided a "slanderous and libelous report that the

Plaintiff verbally abused a patient" despite receiving a positive 90-Day

Performance Evaluation on April 9, 2014.  *Id.* at 6, ¶ 6.

In June 2014, Plaintiff did not appear at an Equal Employment Opportunity

Commission ("EEOC") hearing because Defendant "purposefully did not act in a

timely manner" when Plaintiff requested use of the financial assistance program to

attend.  *Id.* at 4, ¶ 1.

On August 13, 2014, Defendant purposefully ignored Plaintiff's request to

attend the Office of Inspector General Criminal Awareness Crime Prevention

training.  *Id.*, ¶ 2.  Instead, the Chief of Pharmacy, a white male, asked two white

males to attend the training, who did not request to attend. *Id.* at 5, ¶ 2. The Chief of Pharmacy referred to Plaintiff as "Colored". *Id.*

Additionally, Plaintiff also alleges Defendant listed her as Absent Without Leave ("AWOL") when she was sick with a disability, and suspended her for five days as a result. *Id.*, ¶ 3. Plaintiff also alleges Defendant made false accusations against her as the union representative for setting her own duty time. *Id.*, ¶ 4.

On October 31, 2014, Defendant terminated Plaintiff's employment. *Id.* at 6, ¶ 7. Plaintiff asserts the false accusations were made to terminate her employment. *Id.* at 5, ¶ 4.

On November 12, 2014, Plaintiff applied for Disability Retirement benefits. *Id.*, ¶ 5. After applying, Defendant submitted a fraudulent "Unacceptable Performance" appraisal for Plaintiff to the Office of Personnel Management ("OPM"). *Id.* This false review was based on another employee's performance. *Id.*

On July 11, 2022, the EEOC provided Plaintiff with a Notice of Right to Sue. ECF No. 1 at 6, ¶ 7.

## DISCUSSION

### I.    Motion to Dismiss Standards

A motion to dismiss may be brought for lack of subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1). "A Rule 12(b)(1) jurisdictional attack may be facial or

factual." *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). The Court's review of a facial attack is limited to the allegations in the complaint whereas the Court "need not presume the truthfulness of the plaintiff's allegations" in a factual attack and can consider evidence outside the complaint. *Id.* If the jurisdictional attack is successful, the Court must dismiss the action. Fed. R. Civ. 12(h)(3). The party invoking the court's jurisdiction bears the burden of proving its existence. *Thompson v. McCombe*, 99 F.3d 352, 352 (9th Cir. 1996).

A motion to dismiss may also be brought for a plaintiff's failure to state a claim. Fed. R. Civ. P. 12(b)(6). A Rule 12(b)(6) motion will be denied if the plaintiff alleges "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). While the plaintiff's "allegations of material fact are taken as true and construed in the light most favorable to the plaintiff" the plaintiff cannot rely on "conclusory allegations of law and unwarranted inferences … to defeat a motion to dismiss for failure to state a claim." *In re Stac Elecs. Sec. Litig.*, 89 F.3d 1399, 1403 (9th Cir. 1996) (citation and brackets omitted). That is, the plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements." *Twombly*, 550 U.S. at 555.

As an initial matter, as Defendant brings a Rule 12(b)(1) factual attack, the Court considers Defendant's proffered documents, including documents related to the EEOC and negotiated grievance proceedings.  ECF No. 4 at 3–4.

## II.    Administrative Exhaustion

Title VII requires a plaintiff to exhaust administrative remedies prior to suit for employment discrimination.  42 U.S.C. § 2000e-16(c).  A union-represented federal employee aggrieved by a discriminatory personnel action may pursue a claim under the negotiated grievance procedure or the statutory complaint procedure, but not both.  5 U.S.C. § 7121(d); 29 C.F.R. § 1614.301(a).  The employee can choose one avenue for grieving a "matter" under section 2302(b)(1) for discrimination – either the negotiated or statutory processes – but not both.  5 U.S.C. § 7121(d); 29 C.F.R. § 1614.301(a).  A "matter" refers to the "underlying action" which includes "the factual basis of the employee's adverse action." *Heimrich v. Dep't of the Army*, 947 F.3d 574, 580 (9th Cir. 2020).  "The employee 'shall be deemed to have exercised his [or her] option' under § 7121(d) when he or she files the grievance or the EEO complaint, *whichever first occurs*." *Id.* at 578 (citing 5 U.S.C. § 7121(d)) (emphasis added).

Here, Plaintiff's Collective Bargaining Agreement provided she could file discrimination claims through the statutory or negotiated grievance procedure, but not both.  ECF No. 5-1 at 3, ¶ 3.  On August 19, 2014, while still employed,

1    Plaintiff filed a formal EEO complaint of discrimination.  ECF No. 8-3 at 1.

2    Plaintiff amended her EEO complaint to include two additional events on

3    November 13, 2014 and again on January 1, 2015 to include one additional event.

4    *Id.*  Plaintiff subsequently challenged her October 2014 termination through the

5    negotiated grievance procedure based on union animus.  *See* ECF Nos. 6-1–6-4.

6            Plaintiff filed her EEO complaint before the negotiated grievance filing.  5

7    U.S.C. § 7121(d).  However, Plaintiff failed to challenge her termination through

8    the EEO proceeding despite amending the allegations twice.  Therefore, this Court

9    does not have jurisdiction over the claim that Plaintiff's termination was

10   discriminatory.  Fed. R. Civ. P. 12(b)(1).  However, Plaintiff's discrimination

11   claims raised throughout the EEO process not related to her termination are

12   administratively exhausted at this time.  *See* ECF No. 5-2.

13           Defendant contends the Court should alternatively dismiss these "lesser

14   adverse employment actions" for failure "to plead any request for relief

15   unconnected to her removal from service" and "clearly identify on what basis or

16   bases Plaintiff believes she was subjected to discrimination."  ECF No. 4 at 9–10.

17   Plaintiff's other claims appear related to the same "matter" as her wrongful

18   termination claim.  Plaintiff's allegations do not allow the Court to draw

19   reasonable inferences that Defendant is liable for discriminatory conduct for which

20   the Court has jurisdiction.  *Iqbal*, 556 U.S. at 678.  The Court will provide Plaintiff

ORDER GRANTING DEFENDANT'S MOTION TO DISMISS ~ 6

1 an opportunity to amend her complaint to so plead she is entitled to relief and what

2 that relief would be.  Fed. R. Civ. P. 8.  Again, this Court does not have

3 jurisdiction over the claim that Plaintiff's termination was discriminatory and

4 injunctive relief is unavailable because Plaintiff no longer works for the agency.

5        As a final matter, Plaintiff's tort claims for libel and slander must be

6 dismissed for failure to exhaust administrative remedies under the Federal Tort

7 Claims Act ("FTCA").  28 U.S.C. § 2675(a).  Regardless, the FTCA does not

8 waive sovereign immunity for these claims.  28 U.S.C. § 2680(h).  As a result,

9 these claims are dismissed with prejudice.

10 **III.    Opportunity to Amend**

11        Unless it is absolutely clear that amendment would be futile, a *pro se* litigant

12 must be given the opportunity to amend her complaint to correct any deficiencies.

13 *Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987).  Plaintiff may submit an

14 amended complaint within **sixty (60) days** of the date of this Order which must

15 include sufficient facts to establish federal subject-matter jurisdiction and articulate

16 causes of action.  *See Broughton v. Cutter Laboratories*, 622 F.2d 458, 460 (9th

17 Cir. 1980).

18        Plaintiff's amended complaint shall consist of a **short** and **plain** statement

19 showing that she is entitled to relief and alleging with specificity:

20

(1) the specific conduct or actions of each Defendant demonstrating how each

caused or personally participated in causing a deprivation of Plaintiff's

rights; and

(2) the specific protected rights of which Plaintiff was deprived.

Further, Plaintiff shall set forth her factual allegations in separate numbered paragraphs.  THIS AMENDED COMPLAINT WILL OPERATE AS A COMPLETE SUBSTITUTE FOR (RATHER THAN A MERE SUPPLEMENT TO) THE COMPLAINT.  The amended complaint must be legibly rewritten or retyped in its entirety; it should be an original and not a copy; it may not incorporate any part of the complaint by reference; and IT MUST BE CLEARLY LABELED THE "AMENDED COMPLAINT" and case number 2:22-CV-0190-TOR must be written in the caption.  PLAINTIFF IS CAUTIONED IF SHE FAILS TO FILE WITHIN 60 DAYS AS DIRECTED, THE CASE WILL BE DISMISSED IN ITS ENTIRETY.

**ACCORDINGLY, IT IS HEREBY ORDERED:**

1. Defendant's Motion to Dismiss Complaint (ECF No. 4) is **GRANTED**.

2. Plaintiff's libel, slander, and claims based on wrongful termination are **DISMISSED with prejudice**.  Plaintiff's remaining claims are **DISMISSED without prejudice and with LEAVE TO AMEND**.

ORDER GRANTING DEFENDANT'S MOTION TO DISMISS ~ 8

3.  Plaintiff may file an Amended Complaint **within sixty (60) days** of the date of this Order.  If Plaintiff fails to file within 60 days as directed, the case will be dismissed and the Clerk is directed to close the file.

The District Court Executive is directed to enter this Order, furnish copies to counsel, and forward a copy to Plaintiff at the address in the record.  The file remains **OPEN**.

DATED December 20, 2022.



THOMAS O. RICE
United States District Judge

ORDER GRANTING DEFENDANT'S MOTION TO DISMISS ~ 9